RECEIVED

2018 SEP 26  P 4: 10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | 2:18-cv- 837 |
| SYS-CON, LLC | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Josefa Perez ("Perez") and Sybelle Colon ("Colon") who were adversely affected by such practices. As alleged with greater particularity in paragraphs eleven (11) through sixteen (16) below, Defendant Sys-Con, LLC, ("Defendant") subjected Perez and Colon to harassment because of sex at Defendant's worksite at the Hyundai manufacturing plant in Montgomery, Alabama.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Northern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Alabama corporation doing business in Montgomery County, Alabama, and has continuously had over 150 employees. At all relevant times, Defendant employed Perez and Colon to provide maintenance services at the Hyundai plant in Montgomery, Alabama.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Perez and Colon filed charges with the Commission alleging violations of Title VII by Defendant.

7. On June 8, 2018, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On September 12, 2018, the Commission issued to Defendant Notices of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From approximately December 2015 to May 2017, Defendant engaged in unlawful employment practices at its worksite at the Hyundai manufacturing plant in Montgomery, Alabama in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

12. Specifically, Defendant subjected Perez and Colon to severe, pervasive, unwanted, degrading and offensive sexual conduct, based on their sex (female).

13. The unlawful harassment was perpetrated by Defendant's General Manager of Facility Maintenance, Joung Ho Kim, a/k/a "Mr. Jay Kim" ("Mr. Kim"). Mr. Kim supervised Perez and Colon on certain shifts. Mr. Kim's harassment of Perez and Colon included, but was not limited to, the following unwelcomed conduct that created a hostile work environment:

a. From the outset of Perez's employment, Mr. Kim asked her for sexual favors and threatened that if she did not comply, he would terminate her and her husband and call the police.

b. On or about January 17, 2016, while Perez was working under the supervision of Mr. Kim, he told Perez in a threatening manner that he expected her to clean his apartment the following day. Around 5:00 p.m. the following day, Mr. Kim told Perez to bring her cleaning

supplies to his apartment. Mr. Kim assured Perez that his wife and children would be in the apartment so she should not be concerned.

 c. When Perez arrived at the apartment, no one else was present other than Mr. Kim. Mr. Kim forcibly pushed Perez onto her back on the bed and forced her to have sex against her will. The following day at work, he taunted her, asking if she "liked it" and continued to ask for sexual favors.

 d. Thereafter, on multiple occasions, Mr. Kim threatened Perez if she told anyone about the sexual assault. He continued to ask her for sexual favors throughout her employment and she denied his demands.

 e. Thereafter, on multiple occasions, while Perez cleaned Mr. Kim's office, Mr. Kim exposed his penis to Perez and played pornographic movies on his mobile phone. Perez did not welcome this conduct and found it offensive, demeaning, threatening, and terrifying given his prior sexual assault of her.

 f. In or around September 2016, Colon worked for Mr. Kim on two occasions. On the first, he told her to do whatever he instructed her to do or he would get rid of her. He took her to a trailer at the worksite and touched his genitals through his pants. On the second occasion, Mr. Kim played pornographic videos on his mobile phone, asked if she had a boyfriend, told her he needed a girlfriend, and begged her to have sex with him, promising to transfer her to a job working inside with more hours and higher pay if she complied. He threatened to terminate Colon and her husband if she did not comply. He badgered her throughout the day, telling her to think about his offer. Colon did not welcome this conduct and found it offensive, degrading and threatening. At the end of the day, Mr. Kim took her security badge.

 g. The following day, Colon arrived at work and security let her in without a badge

because the guards recognized her. When she tried to return to work again the next day, she was informed Mr. Kim had terminated her.

14. The practices complained of in paragraph 13 continued until at least September 2016 when Defendant terminated Colon for refusing Mr. Kim's sexual advances and May 3, 2017 when Defendant terminated Perez.

15. Prior to and during the employment of Perez and Colon, Defendant had no sexual harassment policies and no reporting mechanism for employees to report harassment. Likewise, Defendant had never trained supervisors or employees on sexual harassment and how to report harassment based on sex.

16. Perez and Colon are native Mixtec speakers who speak some Spanish, but no English or Korean. They had no means to communicate with higher management who speak English or Korean to report harassment other than through administrative staff who could provide translation. Perez, Colon and other Mexican female employees complained to these members of the administrative staff about Mr. Kim's harassment of them. Defendant failed to take prompt remedial action to stop Mr. Jay Kim's ongoing harassment based on sex.

17. The effect of the practices complained of in paragraph(s) eleven (11) through sixteen (16) above has been to deprive Perez and Colon of equal employment opportunities and otherwise adversely affected their status as employees because of their sex (female).

18. The unlawful employment practices complained of in paragraphs eleven (11) through sixteen (16) above were intentional.

19. The unlawful employment practices complained of in paragraphs eleven (11) through sixteen (16) above subjected Perez and Colon to a hostile work environment based on their sex (female).

20. The unlawful employment practices complained of in paragraphs eleven (11) through sixteen (16) above were done with malice or with reckless indifference to the federally protected rights of Perez and Colon.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment based on sex or national origin, and any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Perez and Colon by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through sixteen (16) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant to pay to Perez and Colon punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through sixteen (16) above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 21, 2018.

RESPECTFULLY SUBMITTED,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

_____
MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2044
Facsimile: (205) 212-2041