IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| v. ) ) | 2:18-cv-00837-WKW |
| SYS-CON, LLC ) ) | |
| Defendant. ) | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against Sys-Con, LLC ("Sys-Con" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Josefa Perez and Sybelle Colon, who were adversely affected by such practices. Defendant denies that it in any way violated Title VII or the Civil Rights Act of 1991.

### RECITALS

1. In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and Defendant ("Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree. The Parties agree that the terms of this Consent Decree are adequate, fair and reasonable.

2. The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit, and agree to the power of this Court to approve this Consent Decree

and enforce it as to the Parties.

3. The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4. The Parties agree that this Consent Decree is final and binding upon Sys-Con, and its agents, officers, all employees, servants, successors and assigns.

5. The Parties agree that, prior to the full or partial sale or transfer of Sys-Con ownership rights or interests, Sys-Con shall provide written notice of this Consent Decree and its contents to any potential purchaser or transferee. The Parties also agree that Sys-Con shall send the Commission a copy of the written notice at the same time it sends the written notice to the purchaser or transferee.

6. The Parties agree that when this Consent Decree requires Sys-Con to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues in this lawsuit. This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an

adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant that it violated Title VII or the Civil Rights Act of 1991.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:**

1. This Consent Decree is entered into by the Commission and Sys-Con.

2. This Consent Decree shall be final and binding between the Commission and Sys-Con.

3. This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 2:18-cv-00837-WKW.

4. This Consent Decree shall be filed in the United States District Court for the Middle District of Alabama, Northern Division, and shall be in effect, and continue to be in effect, for a period of three (3) years from the date of entry of this Consent Decree by the Court.

5. Any modification of this Consent Decree by any party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case to enforce the terms of the Consent Decree.

7. Defendant Sys-Con shall not discriminate against employees on the basis of sex, nor retaliate against any employee who reports or otherwise opposes conduct reasonably believed to violate Title VII.

8. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Sys-Con under Title VII.

9. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Sys-Con.

10. Sys-Con, including its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, is permanently enjoined for the duration of this Consent Decree from the following:

A. Discriminating against an applicant or employee on the basis of sex in terms and conditions of employment, and/or creating, facilitating or permitting the existence of a hostile work environment on the basis of sex.

B. Retaliating against an employee who reports sex discrimination or harassment.

C. Retaliating against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

## MONETARY RELIEF

11. Within thirty (30) calendar days of the entry of the Consent Decree, Sys-Con agrees to pay monetary relief in the amount of FORTY THOUSAND DOLLARS ($40,000) to Josefa Perez and THIRTY THOUSAND DOLLARS ($30,000) to Sybelle Colon. These amounts shall be paid in full settlement of the claims against Defendant, which were the basis of the EEOC Charges filed by the Josefa Perez (No. 420-2016-03492, including all alleged amendments thereto) and Sybelle Colon (No. 420-2016-03493, including all alleged amendments thereto), and the EEOC's Complaint.

12. Defendant shall make these payments described in paragraph 11 by hand delivery, U.S. Mail, or delivering by UPS or Federal Express or similar service such checks payable to each Charging Party (Ms. Colon and Ms. Perez) at the following address: Marsha Rucker, Equal

Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

13. The monies paid in settlement of this case are for alleged emotional distress sustained by each Charging Party as a result of the conduct asserted in the Complaint. Defendant will issue each Charging Party an IRS Form 1099. Charging Parties are solely responsible for any tax consequences regarding these payment amounts.

14. Any portion of the monetary relief not paid within thirty (30) business days of the later of the entry of the decree shall be subject to a penalty of 1% per day on the unpaid balance or $50 per day, whichever is greater. Defendant shall notify the EEOC via Marsha Rucker if either Charging Party fails to cash her check within ninety (90) days of delivery to the EEOC. Thereafter, the EEOC will have forty-five (45) days in which to determine why the check has not been cashed and notify Defendant if a check needs to be reissued. Defendant shall reissue a check if needed without penalty and deliver it to the EEOC in the manner described in paragraph 11 above. If the EEOC requests reissuance of a check, Defendant may stop payment of the initial check at the time of the EEOC's request for reissuance. If either Charging Party fails to cash the reissued check within ninety (90) days of delivery to the EEOC, Defendant may stop payment on the reissued check. Defendant's monetary relief obligations are satisfied ninety-one (91) days after delivery of the initial checks to the EEOC unless the EEOC requests reissuance of a check, or ninety-one days after delivery of the reissued check(s) to the EEOC.

## GENERAL INJUNCTIVE RELIEF

15. Within sixty (60) days of the approval and signing of the Consent Decree by the Court and its entry onto the case docket in this lawsuit, Defendant shall review its policies against

discrimination and retaliation and revise them, if necessary, so that such policies include, at a minimum, the following:

    (a)    A statement expressing Defendant's strong and clear commitment to a workplace that complies with Title VII, and is free of unlawful discrimination, harassment and retaliation;

    (b)    A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it;

    (c)    A requirement that persons who complain about discrimination or retaliation shall not be retaliated against, and that Defendant will take disciplinary and corrective action against any employee, supervisor, manager or officer who engages in retaliation or, if a supervisor, manager or officer, condones discrimination or retaliation, or fails to address either in conformity with the law and these policies and procedures;

    (d)    A requirement that the identity of employees who complain about, report or are witnesses to discrimination or retaliation, or witnesses in investigations of discrimination or retaliation, shall be protected;

    (e)    A statement that provides an assurance of non-retaliation for persons who believe they have been subjected to discrimination, harassment or retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or reasonably believed to be unlawful, or who participate in any form or fashion, including providing statements, assistance or information related to the complaint, allegations or report of discrimination, harassment or retaliation;

    (f)    Clear definitions of sex harassment and retaliation, with examples where appropriate;

(g) Convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation;

(h) Designation of at least two employees as investigative officers to receive and investigate reports of harassment, discrimination or retaliation;

(i) A requirement that each investigative officer receive at least one day of training on identifying and investigating harassment and retaliation;

(j) A statement that employees may raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, prohibited by Title VII and the policies and procedures generated by this Consent Decree;

(k) A statement that reports of harassment and retaliation can be made to any supervisory or managerial employee and to any member of Defendant's human resources staff;

(l) A statement that reports of harassment and retaliation may be made orally or in writing and can be made anonymously;

(m) Broad dissemination of the telephone numbers, mailing and email address of human resources staff and managers to whom reports of harassment and retaliation may be made;

(n) A statement that Defendant will make translators available for any non-English speaking employee who seeks to report harassment and retaliation;

(o) A requirement that any supervisory, managerial, or human resources employee who observes or otherwise obtains information regarding harassment and retaliation report such information immediately to the head of Defendant's human resources office;

(p) A statement that requires Defendant, its officers, directors, managers, supervisors, recruiters, and human resource personnel be trained on the requirements of Title VII and the policies and procedures generated by this Consent Decree;

(q) A statement that describes in detail the consequences, up to and including termination, that shall be imposed upon violators of Title VII and the policies and procedures generated by this Consent Decree;

(r) A statement that provides assurances that Defendant shall investigate all allegations of discrimination or retaliation promptly, fairly, reasonably, effectively, expeditiously and as confidentially as possible under the circumstances by appropriate investigators and that appropriate corrective action and appropriate follow-up shall be taken by Defendant to make victims whole and to eradicate the discrimination or retaliation;

(s) A statement that requires Defendant to thoroughly review these policies and procedures with all employees as part of their employee orientations and scheduled trainings at all of its facilities and locations;

(t) A statement that requires and provides a system for ensuring the dissemination of Defendant's Title VII discrimination policies, this Consent Decree, and the policies and procedures generated by this Consent Decree, to all Defendant's employees;

(u) a requirement that each discrimination and retaliation investigation be kept confidential, to the degree it can be done;

(v) nothing herein shall require Defendant to reference this Consent Decree in these policies and procedures.

16. A copy of the policies and procedures provided for in this section shall be posted in both English and Spanish in prominent locations frequented by employees, and be distributed to all employees within sixty (60) days of the date this Consent Decree is approved and signed by the Court, and entered in the case docket in this lawsuit. A copy of these policies and procedures shall be provided in English and Spanish to each new employee within five (5) days of his or her hire with Defendant.

17. Defendant shall mail a copy of all policies and procedures created pursuant to this Consent Decree to the EEOC Birmingham District Office, Regional Attorney 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, within ten (10) days of their issuance.

## ANNUAL TRAINING FOR MANAGERS AND EMPLOYEES

18. During the term of the Consent Decree, Defendant shall, once per year, provide one-hour live training at each of its locations on employment discrimination and retaliation to all non-supervisory employees in English and Spanish. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. Defendant shall submit to the EEOC an agenda for the EEO training program for all non-supervisory employees.

19. The annual non-supervisory employee training shall include the following topics:

   a. An explanation of Title VII and the Defendant's policies regarding discrimination, harassment and retaliation;

   b. All aspects of Title VII including, but not limited to, discrimination based on sex, the legal requirements of Title VII including examples of sex discrimination and harassment, and the retaliation provisions of Title VII;

c. The importance of maintaining an environment free from discrimination, harassment and retaliation;

d. The protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination or retaliation;

e. The types of disciplinary actions that shall be taken against any employee who engages in discrimination or retaliation;

f. Practical examples aimed at the prevention of discrimination and retaliation; and

g. Avenues available to employees of Sys-Con to submit internal complaints of discrimination and/or retaliation in either English or Spanish.

20. During the term of this Consent Decree, all supervisory and management-level employees, and all Managers who supervise supervisors, shall attend a two (2) hour live training once per year. The initial annual training will be scheduled and conducted within ninety (90) days of the entry of this Consent Decree. With regards to management and supervisor employees, the training shall instruct such individuals on best practices for prevention of a sexually hostile work environment, responding to discrimination and retaliation complaints, and will describe how effective investigation of such complaints are conducted and documented. The training shall also address the Company's policies pertaining to confidentiality and anti-retaliation relative to employees who report or participate in an investigation or oppose discrimination and retaliation, and how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of harassment and retaliation. The training shall also explain that the evaluation of directors, supervisors and managers shall consider, among other things, enforcement of Defendant's anti-harassment policies.

21. All training shall conclude with a minimum of ten (10) minutes for questions and answers.

22. The training and education for employees may be videotaped for review by non-supervisory employees, supervisory and management-level employees, and all Managers who supervise supervisors and Managers, who are employed at the time of the training but absent from work at that time.

23. This training, either live or by videotape, shall be provided to all new or rehired employees within three (3) months of their initial employment or rehire in English or Spanish as appropriate for the employee's language.

24. Sys-Con shall generate a registry containing signatures of all persons attending the trainings described above. All non-supervisory employees, management and supervisory personnel attending the trainings shall be instructed to sign the registry when they attend the entire training session. Sys-Con shall retain the registry for the duration of the Consent Decree.

25. The training shall be delivered in accord with training materials provided to the EEOC at least one week prior to the training. All other training materials (pamphlets, brochures, agendas, videos), and the signed registry, shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within two weeks of the conclusion of the last training session. Acceptance or review of these materials by the Commission shall not constitute approval of the said materials, but may be retained for compliance purposes.

26. The training shall be presented by trainers or educators with knowledge and expertise in the requirements of Title VII, and the prevention of discrimination and retaliation, and may be presented by Sys-Con's Human Resources professionals with such knowledge and expertise.

27. Sys-Con may add to this training depending on its needs.

28. Within one hundred and twenty (120) days of the entry of this Consent Decree, Sys-Con shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein, including the registry of attendees. The report(s) shall be mailed to Marsha Rucker, Regional Attorney, EEOC Birmingham District Office, 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

## OTHER RELIEF

29. In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers or third parties seeking references or information about Josefa Perez or Sybelle Colon, Defendant shall inform such potential employer(s), prospective employer(s) or third parties that its policy and practice is only to provide the dates of an individual's employment and the position held by that individual. Notwithstanding the foregoing, nothing in this Consent Decree should be construed as prohibiting Sys-Con from responding to or otherwise complying with a lawful court order issued after Sys-Con's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are, or may be, subject to this Consent Decree.

## POSTING OF NOTICE

30. Sys-Con shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

31. Within thirty (30) calendar days after entry of this Decree, Sys-Con shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit A** to this Consent Decree on all bulletin boards usually used by Defendant at its facilities for announcements, and for notices of employment policy or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

32. The Defendant shall maintain the following records during the period of this Consent Decree:

    (1) Title VII policies and procedures;

    (2) Discrimination and retaliation complaints made by employees;

    (3) All documents generated in connection with any complaint investigation, or resolution of complaints involving allegations of violations of Title VII, including discrimination, reasonable accommodation and retaliation;

    (4) All materials used in training provided pursuant to the terms of this Consent Decree; and

    (5) Attendance lists for such training.

## SUCCESSOR NOTIFICATION

33. Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant and any other corporation or other entity into which Defendant may merge. The successors or acquiring entities shall be fully liable for complying with the terms of the Decree.

## DISPUTE RESOLUTION

34. In the event that the Commission believes during the term of this Consent Decree that Sys-Con has failed to comply with any provision(s) of the Consent Decree, the Commission shall notify Sys-Con or its counsel of the alleged non-compliance and shall afford Sys-Con thirty (30) calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Sys-Con has not remedied the alleged non-compliance or satisfied the Commission that it has complied within thirty (30) calendar days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

35. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORCE AND EFFECT

36. The duration of this Consent Decree shall be three (3) years from its entry. For all purposes in this Consent Decree, the date of entry is the date the Court enters it into the record with the Judge's signature.

37. The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

38. Absent extension, this Consent Decree shall expire by its own terms at the end of three (3) years from the date of entry of this Consent Decree without further action by the Parties.

39. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.


SO ORDERED, ADJUDGED, and DECREED this __7TH__ day of __March, 2019__.

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AND CONSENTED TO BY:**

_Sung Do Kim_  
**AUTHORIZED REPRESENTATIVE FOR DEFENDANT**

Sung Do Kim / President & C.E.O.  
**(PRINTED NAME)**

SYS-CON, LLC

*(signature)*
**ATTORNEY FOR DEFENDANT**
**SYS-CON, LLC**

Whitney Brown
**(PRINTED NAME)**

**WHITNEY R. BROWN**
Lehr Middlebrooks Vreeland & Thompson, P.C.
2021 Third Avenue North
Birmingham, Alabama 35203

*(signature)*
**ATTORNEYS FOR PLAINTIFF EEOC**
**MARSHA RUCKER**
Regional Attorney

**GERALD MILLER**
Supervisory Trial Attorney

**GINA PEARSON**
Trial Attorney

**U. S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 212-2046

## EXHIBIT A -NOTICE TO ALL EMPLOYEES OF SYS-CON, LLC

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII also prohibits discrimination or harassment of applicants and employees because of their sex, including pregnancy, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

It is illegal to harass an employee because of race, color, religion, sex (including gender identity, sexual orientation, and pregnancy), national origin, age (40 or older), disability or genetic information. It is also illegal to harass someone because they have complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit.

Harassment can take the form of slurs, graffiti, offensive or derogatory comments, or other verbal or physical conduct. Sexual harassment (including unwelcome sexual advances, requests for sexual favors, and other conduct of a sexual nature) is also unlawful. The harasser can be the victim's supervisor, a supervisor in another area, a co-worker, or someone who is not an employee of the employer, such as a client or customer.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (205) 212-2000. The EEOC charges no fees and has employees who speak languages other than English. This Notice must remain posted for three (3) years from _____ _____ and must not be altered, defaced or covered, by any other material. Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd Street South, Birmingham, Alabama 35205.

_____  _____
Date                    Authorized Representative, Sys-Con, LLC.